PHILLIP A. TALBERT
United States Attorney
ROBERT C. ABENDROTH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE JAIME MAGANA,<br>ADRIAN TRUJILLO,<br>KEVIN MOECKLY, and<br>DAVE GUADALUPE LOPEZ<br><br>Defendant. | CASE NO. 2:22-CR-0204 WBS<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER |

## I.     STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, and the defendants, by and through their counsel of record ("Defendants" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources.

2. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3. On October 6, 2022, the Grand Jury returned an indictment charging the Defendants with controlled substance and money laundering offenses. Previously, all Defendants have made their initial appearances on the indictment. A discovery package has been forwarded to defense counsel that is not

subject to a protective order. The remaining discovery, which is available for inspecton at the United States Attorney's Office consists of bank records supporting the money laundering offenses. Those records contain personal identifying information (PII) to an extent that redaction is impractical.

4. If the Court grants this stipulation and request, the government intends to produce duplicate copies to Defense Counsel of the bank records subject to the conditions proposed herein. Hereinafter the bank records will be referred to as "the Protected Materials" and subject to the Court's Protective Order, if issued. The government will mark the Protected Materials to distinguish materials subject to the Court's Protective Order from the other discovery materials which are not subject to the Court's Protective Order.

5. The parties seek to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to the Protected Materials in this case and the information therein.

6. The government proposes that it produce duplicate copies of the Protected Materials to Defense Counsel by marking them as "Protected Materials," and by designating the discovery with the bates prefix, "MAGANA_PM_." The government further proposes that this discovery, and any subsequent material tendered by the government to Defense Counsel using the bates-prefix, shall be subject to the Court's Protective Order, if issued. Additionally, the government and Defense Counsel request that the Court enter an order directing that the Protected Materials be handled pursuant to the following conditions:

  a. Defense Counsel shall not give the Protected Materials to any person other than Defense Counsel's legal team assisting in preparation of the present case. The term "legal team" shall include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter. The term "legal team" excludes the following: any other defendant in this matter or any other pending matter against the Defendant; any person involved in any case in which discovery concerning the Defendant is produced; and any other person other than those specifically authorized to see the Protected Materials under this paragraph.

  b. Any person receiving access to the Protected Materials from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not share the Protected

Materials with other persons who are not "legal team" assisting in the defense.

      c.      No members of any of the Defendant's family, friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant shall be given access to the Protected Materials or contents thereof in any manner, for any reason.

      d.      Defense Counsel may make copies of the Protected Materials and may take written or typed notes summarizing the Protected Materials in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of the Protected Materials transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Materials comprises "Protected Materials" itself, must be affixed with the corresponding bates numbers, and is subject to all terms of the Court's Protective Order.

      e.      Defense Counsel shall maintain a list of persons to whom the Protected Materials are being or have been given. Such persons shall be provided with a copy of the Court's Protective Order, shall sign their full names to a copy of the Court's Protective Order acknowledging that they understand its terms and are bound by it. If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to the Protected Materials until and unless they sign a copy of the Court's Protective Order, under the terms described in this paragraph.

      f.      Defense Counsel may use the Protected Materials in the defense of Defendant in the instant case in any manner necessary for effective representation (*i.e.*, in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing the Protected Materials for use in trial preparation summaries, exhibits, and as evidence, as may be needed), consistent with the Court's Protective Order as it shall be originally prepared and signed.

      g.      In the event Defense Counsel needs to use the Protected Materials in a manner not authorized under the Court's Protective Order, Defense Counsel is entitled to seek to have the Protective Order amended by the Court, after having given notice to the government.

      h.      Defense Counsel and any authorized members of Defense Counsel's legal team are authorized to review with Defendant the contents of the Protected Materials. Defense Counsel and

authorized members of Defense Counsel's legal team, however, are prohibited from giving Defendant the Protected Materials.  This prohibition will not extend to the Defendant viewing the Protected Materials under Defense Counsel's supervision or prohibit the use of the Protected Materials in open court should any of these materials or summaries thereof be used in the litigation of this case.

      i. Defense Counsel is authorized to show copies of the Protected Materials to potential witnesses in this case.  Defense Counsel is prohibited, however, from giving any potential witness the Protected Materials or any memorialization of the content of the Protected Materials, or allowing any potential witness to make a copy or in any way memorialize the contents of the Protected Materials.

[CONTINUED ON NEXT PAGE]

WHEREFORE, the government and the Defendant respectfully request that the Court enter an order, directing that the Protected Materials be handled pursuant to the restrictions outlined above.

Respectfully Submitted,

Dated: February 28, 2023
PHILLIP A. TALBERT
United States Attorney

By: /s/ *ROBERT C. ABENDROTH*
ROBERT C. ABENDROTH
Assistant United States Attorney
Attorney for the government

Dated: February 28, 2023
/S/ *CHRISTOPHER R. COSCA*
CHRISTOPHER R. COSCA
Counsel for Jose Jaime Magana

Dated: February 28, 2023
/S/ *OLAF W. HEDBERG*
OLAF W. HEDBERG
Counsel for Adrian Trujillo

Dated: February 28, 2023
/S/ *CLEMENTE M. JIMENEZ*
CLEMENTE M. JIMENEZ
Counsel for Kevin Moeckly

Dated: February 28, 2023
/S/*TASHA PARIS CHALFANT*
TASHA PARIS CHALFANT
Counsel for DAVE GUADALUPE LOPEZ

## [PROPOSED] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 28th day of February, 2023.

THE HONORABLE JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE